

**FILED**

APR 15 2013

THOMAS G BRUTON
CLERK, U.S DISTRICT COURT

**United States District Court**

**Northern District of Illinois**

**Eastern Divison**

Jeremy Collins, )
Plaintiff Pro Se )

vs.

13cv2797
Judge John W. Darrah
Magistrate Judge Daniel G. Martin

Merilee K. Waters, Defendant;

Community College District 535 )
a/k/a Oakton Community College, )
Defendant )

## COMPLAINT

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court, nor has any such transaction been previously filed and dismissed or transferred after having been assigned to a judge.

NOW COMES Plaintiff Jeremy Collins, appearing Pro Se for his Complaint against Defendants Merilee K. Waters and Community College District 535 a/k/a Oakton Community College hereby states as follows:

### JURISDICTION AND VENUE

1. Plaintiff brings this action under the Civil Rights Act, Title 42 Section 1983 U.S. Code.

2. The court has jurisdiction pursuant to the following statutes:

   a. 28 U.S.C. §1331, which gives district courts original jurisdiction over civil

        actions arising under the Constitution, laws or treaties of the United States;

    b.    28 U.S.C. §1343 (3) and (4), which gives district courts jurisdiction over actions to secure civil rights extended by the United States government;

    c.    28 U.S.C. §1367, which gives the court supplemental jurisdiction over state law claims arising out of the same circumstances or events.

3. Venue is appropriate in this judicial district under 28 U.S.C. §1391(b) because the events that gave rise to this Complaint occurred in this district.

## PARTIES

4. Plaintiff is a citizen of the United States and resides in the County of Cook, State of Illinois, which is in this judicial district.

5. Defendant Merilee K. Waters is the Program Coordinator for the Paralegal Studies Program offered by Community College District 535 a/k/a Oakton Community College. Defendant is sued in her official capacity as Program Coordinator of the Paralegal Studies Program. As such, she has a duty to insure that the Paralegal Studies Program is administered in accordance with federal and state law.

6. Defendant Community College District 535 a/k/a Oakton Community College is a local public entity established under the Public Community College Act (ILL. Rev. Stat., 1991, Ch. 122, par. 101-1 et seq.) whose educational programs are approved and regulated by the Illinois Community College Board, a state agency also established by the Public Community College Act.

7. Defendants are each a person for the purposes of Civil Rights Act, Title 42 Section 1983 U.S.C. and are both located in the County of Cook, state of Illinois, which is in this judicial district. Defendants administer educational

programs receiving state and federal financial assistance and while acting under color of state and federal law.

## GENERAL ALLEGATIONS

8. Plaintiff initially enrolled in the Paralegal Studies Program offered by Community College District 535 a/k/a Oakton Community College (Oakton) for the summer 2012 term with the intention of receiving a credential, either an A.A.S in Paralegal Studies or a Paralegal Studies Certificate. Plaintiff did initially select and follow the curriculum for the A.A.S in accordance with the catalogs, bulletins, circulars and website pages published for the use of students and for the planning of their education by Oakton, and which Oakton explicitly states on its website represent an agreement between Oakton and its students, and which are selected and approved by the Illinois Community College Board (ICCB).

9. Plaintiff did maintain a 4.0 GPA for the summer and fall Term 2012 and did intend to graduate in spring of 2013 with an A.A.S in Paralegal Studies having fulfilled all of the course requirements with the exception of those he had enrolled in but had yet to take in the spring of 2013 term. Oakton's published course curriculum required that the Plaintiff take the course "PAR 250 Practicum" in order to graduate with an A.A.S. Plaintiff did intend to fulfill the requirements of that class, which had a required internship component, but due to Defendant Merilee K. Waters (Waters) incompetence in managing said internship program Plaintiff decided to drop the class and switch his major, which he is perfectly entitled to do, as it is only being a matter of submitting a form, which he did.

10. Plaintiff notified Defendant Waters who is the Program Coordinator for the

Paralegal Studies Department and also the Professor teaching the PAR 250 Practicum course that he would be switching his major from the Paralegal Studies A.A.S to the Paralegal Studies Certificate as and in accordance with the catalogs, bulletins, circulars and website pages published for the use of students and for the planning of their education by Oakton he would thereby be able to meet the course requirements for the Paralegal Studies Certificate major and receive that credential at the end of the Spring 2013 term.

11. Waters did then email Plaintiff that the Paralegal Studies Certificate was not an option for him as it was only available to those students who had fulfilled a prerequisite, that being either an Associates or Bachelor's Degree. This was later shown to be demonstrably false, or in lay terms, a lie. Waters claimed in an email to Plaintiff that this requirement was published online, that the American Bar Association (ABA) required it and that she had informed Plaintiff orally of this requirement. In lay terms, these statements were also shown to be lies. Plaintiff confronted Waters with the fact that there was no such prerequisite for the Paralegal Studies Certificate published either online or in print by Oakton, nor by the ABA, nor does he recall being informed of it orally. Plaintiff asked Waters to direct him to where such information was published online or in print but she did not respond.

12. Oakton does publish both online and in print the requirements and prerequisites for the completion of ICCB approved courses of study in its course catalogs, in bulletins and handouts available at the Enrollment Center of both of Oakton's physical locations (Skokie and Des Plaines Campuses) and on its website. Where

a course of study has limited enrollment or special prerequisites they are plainly stated as in the case of Oakton's Nursing Program. Oakton's Paralegal Program has not published any enrollment limitations or prerequisites for either the Paralegal Studies A.A.S major or the Paralegal Studies Certificate major.

13. Waters once again emailed Plaintiff and wrote the following to him: *"Since Oakton is focused on seeking ABA approval and we follow the ABA approval guidelines, Oakton could not confer a certificate on someone without a previous degree. It would jeopardize our application for ABA approval."*

14. Plaintiff does not agree that the ABA guidelines have any bearing on the contract between Oakton and Plaintiff. ABA approval of a Paralegal Program is, according to the ABA itself, wholly and completely voluntary. While Plaintiff agrees that it would be really great for Waters to administer an ABA approved program and thereby get her own private office per ABA requirements Plaintiff does not believe that Waters' professional agenda should trump Plaintiff's civil rights.

15. Plaintiff did, for no other reason than to be of assistance to Waters and in order to help conclude the disagreement amicably, download and read the entirety of the ABA guidelines for the approval of Paralegal Programs. The ABA guidelines contain no prohibition against awarding Paralegal Studies Certificates to those without a degree. Plaintiff did then furnish Waters with a detailed and concise course of action with reference to the ABA guidelines that would allow her program to stay on its ABA approval track while also allowing Oakton to award Plaintiff the Paralegal Studies Certificate.

16. Waters did respond by email to Plaintiff with two "options". Plaintiff did not then and does not now know or understand why Waters believes she has the right or power to unilaterally alter the graduation requirements for Oakton Community College but one of the offers was attractive to Plaintiff. Option #2, as described in the email stated that: *"If you continue with the coursework in which you are now presently enrolled you will be awarded the Certificate"*. Plaintiff understood this to mean that if he were to meet the requirements laid out by Oakton he would be awarded the certificate and so he did respond favorably to Waters email, writing back to her that: *"I will continue with my coursework"*.

17. Plaintiff does not agree that this was an agreement, and certainly not that it was binding on him in any way nor that is represents a contract, nor does Waters have the power to contract. It was, in Plaintiff's estimation, a face saving reversion to the status quo for Waters. But even if it is found to have been an agreement, Plaintiff did not consent to Waters' terms, obviously, and according to the "last shot doctrine" Waters failure to object to the change in terms makes Plaintiff's terms controlling.

18. On April 8, 2012 Plaintiff withdrew from a paralegal class which he did not need for graduation. Plaintiff had enrolled in the class when he was still seeking an A.A.S., which requires more credits to attain than a Certificate. Plaintiff withdrew because he required more time for his work search and moving preparations.

19. On Saturday April 14, 2013 Plaintiff received a certified letter from Waters stating that since he had withdrawn from a class he was enrolled in he would no longer be awarded a certificate in May 2013. Plaintiff and his family were completely

devastated by this news as Plaintiff has been enrolled in the Paralegal Program F/T for a year in pursuit of this goal. Plaintiff will be moving out of state in June 2013 so he will be unable to complete his education at Oakton by continuing to take further classes. Plaintiff's plans are not revocable and he has already informed his landlord he will not be renewing his lease.

20. Plaintiff will have by the end of the present term (May 2013) have attained all of the credits needed and taken all of the classes required by Oakton in order for Oakton to award him a Certificate according to its own published, promulgated and state approved curriculum. Plaintiff believes there is no lawful reason he should be denied the Certificate he has invested a year of time and thousands of dollars seeking to attain.

## COUNT 1

### VIOLATION OF 42 §1983 U.S.C.

21. Plaintiff incorporates and restates each of the above paragraph as if fully set forth herein.

22. Defendants deprived Plaintiff of his constitutional rights by violating his rights to both substantive and procedural due process when they arbitrarily and capriciously refused to allow plaintiff to exercise his right in property to his sought after academic credential, and also by arbitrarily violating his right of liberty to choose which academic credential to pursue.

23. Defendants have acted under the color of state law when Defendants deprived Plaintiff of his constitutional rights to property and liberty.

24. As a direct and proximate result of Defendants' violations of 42 §1983 U.S.C.,

Plaintiff has sustained injuries and damages.

## COUNT 2

### BREACH OF CONTRACT

25. Plaintiff incorporates and restates each of the above paragraph as if fully set forth herein.

26. Defendant's clearly and positively indicated, both orally and in writing, that they expressly repudiated the contractual duties to Plaintiff implied by the catalogs, bulletins, circulars and website pages published for the use of students and for the planning of their education by Oakton, and which are approved by the Illinois Community College Board (ICCB).

27. Defendants have acted under the color of state law when Defendants breached their contract with Plaintiff.

28. As a direct and proximate result of Defendants' Breach of Contract Plaintiff has sustained injuries and damages.

WHEREFORE, Plaintiff requests that this court enter judgment against Defendants providing the following relief:

   (a) Compensatory damages in whatever amount in excess of $10,000.00, exclusive of costs and interest, that plaintiff is found to be entitled;

   (b) Punitive/exemplary damages against Defendants in whatever amount, exclusive of costs and interest, that plaintiff is found to be entitled;

   (c) An order enjoining Defendants to award Plaintiff a Certificate in Paralegal

Studies provided that he meets the program requirements as published and promulgated by Defendant Oakton and barring Defendants' application of any arbitrary and capricious conditions to such an award.

(d) An award of interest, costs, and reasonable attorney fees;

(e) Any and all remedies pursuant to 42 §1983 U.S.C.

(f) Take other appropriate action to remedy the above described violation; and

(g) such other and further relief as the Court deems appropriate.

By: _____

Jeremy Collins, Plaintiff Pro Se

555 Hinman Avenue #A3

Evanston, IL 60202

224.235.0733